### WILLIAMS agt. WOODBRIDGE

Nathanael Williams of Boston assigne of Cap$^t$ W$^m$ Gerrish of Newberry plaint. ag$^t$ Thomas Woodbridge Defend$^t$ in an action of the case for witholding the summe of Five hundred pounds in mony, it being the Forfiture of an Obligation under his hand & Seale bearing date the .7th of Septemb$^r$ 1676. by his not observing & performing the award of the Hono$^{rd}$ John Leverett Esq$^r$ Thomas Danforth & William Stoughton Esq$^{rs}$ Capt$^a$ Nathanael Saltonstall & m$^r$ John Hubbard under theire hands and Seales bearing date the .30th of Septemb$^r$ 1676. according to the condition of the s$^d$ Obligation, being Arbitrato$^{rs}$ by them mutually and indifferently chosen with all other due damages according to attachm$^t$ dat$^d$ January 16$^o$ 1676. . . . The Jury . . . found for the plaintife Five hundred pounds in mony the Forfiture of the bond Sued & costs of Court: The Defend$^t$ appealed from this judgem$^t$ unto the next Court of Assistants & himselfe principall in one thousand pounds and Daniel Boarman & Jn$^o$ How Sureties in £.500. apeice bound themselves respectiuely . . . on condition the s$^d$ Tho: Woodbridge should [ 419 ] prosecute his appeale . . .

[ The award of the arbitrators (S. F. 1554.1) was for Woodbridge to pay to Gerrish 186$l$ 17$s$ 3$d$ within thirty days or forfeit 50$l$ extra. A copy of the bond of arbitration, for 500$l$, is in S. F. 1554.3. The decision seems to have turned on numerous technical considerations, to judge from the number of attachments, summonses, etc., that are among the papers, and from the following depositions.

### S. F. 1554.4

The Deposition of Stephen Swett and Mary Parker who testifyeth on oath, that Marshal Skerry Came to m$^r$ Thomas Woodbridges house on Satturday last, which was on the Twentieth day of January Jnstant and after a little while m$^r$

Woodbridg gave the Marshal, a dram of rum and asked him whether he Came for him. he answered, yes, So m$^r$ Dudley Broadstreet asked the marshal, whether or no, that was a ticket in his hand, Soe he gave it to m$^r$ Broadstreet, and he looked over it. but the Marshal did not reade it to m$^r$ Woodbridg, neither did the Marshall say he did arrest m$^r$ Woodbridg, but m$^r$ Woodbridg Jmmediatly went vp in the Chamber and Locked himselfe vp in the Chamber & kept Close all that day, Soe that we doe affirme that the Marshall did not arrest him that day, we being in the aboues$^d$ Woodbridges Company, all day, further we Testifye that afterward the Marshall Sought to finde him to arrest him, but Could not finde him in Newbury for he went out of towne

Jan 25 1676

Sworne the 27: 11th m$^o$ 1676 before me
Samuel Dalton Commiss$^r$

### S. F. 1554.7

J Joseph Pike of Newberry Constable, doe hereby testifie and affirme that before Salem Court which was in June last, J did arrest m$^r$ Thomas Woodbridges person, his house Shop & Some goods in it by virtue of a warrant from Captaine Gerrish, and to my knowlidge the aboues$^d$ Woodbridg was neuer Cleared by mee to this very day, but yet stand prisoner on the Cap$^{ts}$ account, neither would the Cap$^t$ giue leave to mee the Subscriber to release him the aboues$^d$ Woodbridges person or Estate, but on that account J haue keep the key of the aboues$^d$ Woodbridges Shop to this very day, further J doe Testifye: that once m$^r$ Tho. Woodbrid[ge] was Carried to prison by mee on the account of Cap$^t$ Gerrish before Jpswich Court in march Last, and farther J say not

26 January 1676

By mee Joseph Pike Constable

. . . true Coppie . . . Js$^a$ Addington Cler.

The nature of Woodbridge's Reasons of Appeal, which have not been preserved, is indicated by Williams's answer thereto (S. F. 26681):

Nath$^{ll}$ Williams Assignee of Capt. W$^m$ Gerrish his Answer to Tho: Woodbridg his Reasons of Appeal

Although the Plantiffe, in his Prologue to his pretended Reasons would Speciously intimate, that he doth not delight in Contention; yet J am Confident he Can not Easily induce Such as know him, to beleive hee Speakes true, unlesse his words & actions held better Correspondency one with: the other J doubt not but the Court & Country will will Evidently See his Fallaciousnesse, Jf wee trase him in his supposed following Reasons: Wherein First he pretends the Bond Sued, obliging him to y$^e$ Award, was obteined [from] him by force, or Dures. which pretence or plea (although his great measure of Confidence doth usually Carry him beyond what modest men are ashamed to owne) yet I doubt not but the mention thereof will raise a blush in those y$^t$ are his freinds; when there are Soe many wittnesses, besides his owne hand & Seal, to testify against him; y$^t$ it was his owne Voluntary Choice & Submission; & did not in the Least proceed, from any motion or Arg$^t$ from Capt. Gerrish but was first Spoaken of by his Freinds in open Court, & [the sd] C[apt.] by th[em &] others persuaded [did] Condescend thereunto; whence it [torn] plainly Evident, y$^t$ [his] Bond was not Extracted from

him by any [Waye of] Violence, imprisonment, thretning, or any kinde of forcible Compulsion called Dures nor did he acco$^t$ it Soe at the time of the Arbitration, nor make any plea in that kinde, but acknowledg[ed] himselfe bound by it, when the Actions were withdrawne, & the Efficasy of the Attach$^t$ by which he pretends himselfe a prisoner was wholly ceased  But had Woodbridg his Bond bin a fraudulent Conveyance of an Estate to the s$^d$ Capt. for his Security, (as y$^e$ [Pltf] by his first Reason thought it was) no doubt but this Hond Court would have graunted him the priviledg of the Law.

As to his 2$^d$ humble Conception; it proceeds from the weaknesse of his Judgment & apprehention (that no bond of Attribution can be assigned, nor no President given for Such a thing) Why [torn] did y$^e$ s$^d$ Woodbridg covenant w$^{th}$ Capt. Gerrish & his Assignes [neither] need we give a President thereof; we have a Law, which is of farr more force then Presidents, Lawbooke page (10) title Bills: w$^{ch}$ Saith, that all debts, due upon Bill or other Specialty shall be as good to the Assignee as to the Originall Creditor, As to his Citing the Law against Assiging of Judgments, it is farr wide of our purpose, for there is no Judgement nor award Assigned, it is only the Assignment of a bond made to the Cap$^t$. & his assignes; & by our processe, its the assigned Bond or Specialty y$^t$ is sued for, according to the afore recited Law. had the money, graunted to Cap$^t$ Gerrish by y$^e$ Award, been paid according to time, there had ben no Assigment of the Bond, nor any need of itt. Neither is there any award Assigned, nor any money demaunded thereupon, but the bond is only Assigned & that only Sued. & no incivility or Jnjury offered by the Defd$^t$ to make his Demaund by Attachment, of one who would not pay without. Although Awards are Judg$^{ts}$ yet they are not Judgements of Court on which Execution may be graunted.

3$^{ly}$ Jn his third preposterous Argument, hee verry much Contradicts himselfe in Saying the Capt. can not have any priviledg or benefitt by his Bond or Assignement, though of Validity, he being the first breaker thereof; As if the Capt. were capiable of Violating Woodbridg his bond. Capiat qui Capere potest. W$^{ch}$ obligation he Saith ariseth meerly from the observation of Conditions; Cujus Contrarium verum est; for the not performing of the Conditions is that which makes the obligation bindeing. And whereas he Saith Capt. Gerrish doth not stand to the Award it plainly appeares otherwise, by his accounting of it Valid & bindeing, and assiging the bond becoming due to him, by Woodbridg his nonperformance thereof; Neither did the Capt. [use] any unjust molestation to the Plantiffe, by Arresting of him [be]for the time of payment: as i[torn n]eed [we]re might, by the Co[mpar]ing of the Dates of the A[torn] of the Attacht, & of the marshalls Returne thereof appeare: [torn] were it soe that the Capt had broaken his bond, it were nothing to the Defend$^t$ nor to this Case

The Appellant seemes to be grossley Jgnorant of the Law of practices of Courts, in pretending that, as a ground of his appeall the giving the whole forfiture & Costs of Court, which is almost an Everydayes practice. And as to his last poor & Lame refuge fondly presuming this Action not tryable in this Court, the due pereusall & Consideration of the Lawes Cited by himselfe, will manifestly Confute his Error therein; besides by a latter Law,[1] then those cited by him, the Juries are now to determin Cases & their Verdict to Stand as a Judgment. These answers being Considered I hope it will Evidently appeare to this Honoured Court &

---

[1] Supplementary Law, May, 1672, p. 201 of the 1887 reprint.

Gentlemen of the Jury that Woodbridge hath forfeited his bond, and accordingly will See just cause to finde a Confirmation of the former Verdict for him Who is Your Honors humble Servant

Nath¹¹ Williams

At the hearing of the appeal, the jury of the Court of Assistants (Records, i. 83) handed down a special verdict, which gave that court two alternatives. The judges decided to confirm the former judgment, but chancered the bond to 240*l* 7*s* 3*d*. and 41*s* 10*d* costs.]